IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODREGAL JOHNSON, #1613089, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-1208-P (BK) |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case.

On June 22, 2010, the court ordered Petitioner to pay the $5.00 filing fee or submit a motion to proceed *in form pauperis*, and to file his petition on the court approved form. The order directed Petitioner to cure each deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the petition be dismissed for failure to prosecute. As of the date of this recommendation, Petitioner has failed to comply with the June 22, 2010 order. Nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to comply with the court's June 22, 2010 order. He has refused or declined to do so. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *see also Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1] Since Petitioner is seeking to challenge a 2010 disciplinary violation, the one-year statute of limitations applicable to habeas corpus petitions filed by state prisoners has not elapsed. *See* 28 U.S.C. § 2244(d). As such, the court need not apply the higher *Callip* standard for dismissal with prejudice for want of prosecution. *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (applying higher standard to time barred habeas petition); *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (applying higher standard to time barred 42 U.S.C. § 1983 prisoner complaint); *Berry v. CIGNA/RSI-CIGNA*, 975 88, 1191 (5th Cir. 1992) (applying higher standard to time barred non-prisoner civil case).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED July 29, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE